Staples, J.,
delivered the opinion of the court:
The court is of opinion, that the award upon which complainant relied in the court below, being founded upon evidence received by the arbitrator in the absence and without the knowledge or consent of the defendant, is invalid, and furnishes no just claim to relief in a court of equity.
The court is further of opinion, that a cross-bill is not necessary to impeach said award; but the same may be done by answer. u The right to an injunction is not ex debito jusiiiice; but the application is addressed to the sound discretion of the chancellor, upon all the *574 circumstances of each particular case. A party seeking the exercise of this prohibitory power must come with clean hands and with a case sanctioned by the clearest principles of justice. The only foundation for the complainants claim to the interposition of the court is the award. If that be invalid by reason of the misconduct of the arbitrator, or the complainant, a court of equity will not interfere, but leave the party to such remedies as he has, if any, in a court of law. In such case it does not matter whether the objections to the award appear on the face of the bill, or by the answer, or by the evidence. In either case the result is a dismissal of the bill. If the defendant asks nothing beyond such dismissal, there is no good reason why he may not in his answer rely upon any matters which make it inequitable to grant the prayer of the bill. It is only when the defendant goes beyond this, and asks affirmative relief at the hands of the court, that a cross bill is indispensable. The case of German v. Mastrin, 2 Paige R. 288, affords an illustration of this principle. It was there held, that the defendant might in his answer, set up an equitable title in himself against the demand of the plaintiff for partition; but if he desires affirmative relief by a decree for a conveyance of the legal title, then vested in the plaintiff, he must file a cross-bill.
In this state, the courts have, in a number of cases, .given to the answer all the effects of a cross-bill; and the same course has been occasionally followed by the English courts. And according to the settled practice, a cross-bill is now dispensed with in cases where it was once uniformly required. The court will sometimes of its motion direct a cross-bill to be filed when it is of opinion it is demanded by the purposes of justice. There is no inflexible rule on the subject. If *575 the court is satisfied that the whole merits of the case have been fully developed on bill and answer, no good can be effected by a cross-bill. And there can be no valid reason for putting the parties to the expense and delay of such a proceeding. And this is precisely the aspect of the case before us. The decision turns upon the testimony of the arbitrator. There is no controversy as to the facts stated by him. Neither party can therefore possibly be prejudiced by the failure to file a cross bill, nor can either derive the slightest advantage from having it in the cause.
The award being out of the case, and all the allegations of the bill in regard to the plaintiff’s title being denied by the answer and unsustained by proofs, there was no case for the interference of a court of equity. The court is therefore of opinion, that the circuit -court did not err in dismissing the plaintiff’s bill.
Decree aeeirmed.